## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,** | |
| | No. 16-cr-312-WJM |
| **v.** | |
| | **OPINION** |
| **MALCO E. URZUA.** | |

## WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on a motion by Defendant Malco E. Urzua ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic.  ECF No. 22.  For the reasons set forth below, Defendant's motion is **DENIED**.

## I.    BACKGROUND

Defendant is a twenty-eight-year-old transgender woman currently incarcerated at FCI Fort Dix ("Fort Dix").  On June 30, 2016, Defendant pleaded guilty to a one-count Information charging her with distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1).  *See* ECF Nos. 9, 11, 13.  On April 27, 2017, this Court sentenced Defendant to the mandatory minimum term of five years of imprisonment, followed by seven years of supervised release.  ECF Nos. 18, 19.  Defendant's full-term release date is September 2, 2021.  Ex. 9, Def. Br., ECF No. 22.  Though she is eligible for home detention on March 5, 2021, the Bureau of Prisons ("BOP") has indicated she will be released to a halfway house on April 1, 2021.  Exs. 8, 9, Def. Br., ECF No. 22.

At the time Defendant filed her motion, Fort Dix was experiencing an outbreak of Covid-19 among inmates and staff.[1]  Def. Br. at 1, ECF No. 22.  Defendant maintains that she has "extraordinarily high blood pressure" and a "relatively high body mass index (BMI)" that place her at "greater risk of either requiring hospitalization or dying if she contracts Covid-19."  *Id.*  Defendant's vital signs, taken during a Health Services

---

[1] Defendant reported Fort Dix had 268 confirmed active cases among inmates and 22 confirmed active cases among staff as of November 29, 2020.  Def. Br. at 7, ECF No. 22.  The government argues that the majority of the inmates who tested positive are from the same housing unit, and that the remainder are inmates from the Special Housing Unit and several inmates who transferred in from FCI Elkton.  Gov't Opp'n Br. at 8-9, ECF No. 25.  The Government notes further that Defendant does not claim to be housed in these units.  *Id.* at 9.  As of the date of this writing, Fort Dix has 17 confirmed active cases among inmates and 18 confirmed active cases among staff.  *See* Covid-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last accessed Dec. 22, 2020).

appointment in October, reveal Defendant is approximately five feet and seven inches tall, weighs 188 pounds, and has a blood pressure reading of 188/68. Ex. 10, Def. Br., ECF No. 22. With a BMI of 28.6, Defendant is considered "overweight," but not obese. *See* Def. Br. at 6, ECF No. 22; CDC, About Adult BMI, https://www.cdc.gov/healthyweight/ assessing/bmi/adult_ bmi/index.html (last accessed Dec. 21, 2020). Her blood pressure reading falls within the most severe high blood pressure range categorized as "hypertensive crisis," which requires medical attention. *See* Understanding Blood Pressure Readings, American Heart Association, https://www.heart.org/en/health-topics/high-bloodpressure/ understanding-blood-pressure-readings (last visited Dec. 21, 2020). Other than providing her vital sign readings from her October Health Services visit, Defendant has not presented medical records or any other evidence demonstrating she suffers from, is diagnosed with, or is being treated for high blood pressure, hypertension, or hypertensive crisis.

On October 20, 2020, Defendant submitted a written request to the warden of Fort Dix for transfer to home confinement or compassionate release based on her weight, body mass index, and history of anxiety and depression. Ex. 7, Def. Br., ECF No. 22. By way of letter dated October 26, 2020, the warden denied Defendant's request to be transferred to home confinement on the grounds that "inmates convicted of sex offenses will not receive priority treatment for home confinement." Ex. 8, Def. Br., ECF No. 22. The warden did not consider the merits of Defendant's request for compassionate release, but instead instructed Defendant to resubmit her request identifying extraordinary and compelling circumstances. *Id.*

Rather than resubmit her request to the warden, Defendant filed the instant motion with the Court on November 29, 2020, arguing that her high blood pressure and BMI, along with the surge in cases at Fort Dix, warrant her immediate release. *See* Def. Br., ECF No. 22. The Government opposes the motion, arguing that Defendant's medical conditions do not warrant a reduction in her sentence. *See* Gov't Opp'n Br., ECF No. 25.

## II.   DISCUSSION

Under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. *See United States v. Sellers*, No. 10-434 (RMB), 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). Here, the parties do not dispute that Defendant has exhausted her administrative remedies. Defendant requested a reduction in her sentence on October 20, 2020 and filed the instant motion on November 29, 2020. As more than thirty days have passed since her initial request to the warden for compassionate release, Defendant's motion is properly before the Court. *See* 18 U.S.C. § 3582(c).

Once the defendant has met the exhaustion requirement, the Court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." *Id.* § 3582(c)(1)(A).  The Sentencing Commission's Policy Statement regarding the reduction of a defendant's sentence provides that a defendant's serious physical or medical condition may serve as grounds for the existence of "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, Application Note 1(A).  In the context of the Covid-19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

Upon finding that "extraordinary and compelling reasons" are present, a court must still consider whether the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, weigh in favor of a defendant's release.  18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020).  The factors include, but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the sentencing range established for the applicable category of offense"; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes; and "the need to avoid sentence disparities."  18 U.S.C. § 3553(a).

Here, Defendant states that she suffers from high blood pressure and high BMI.  The CDC has found that adults of any age with hypertension or who are overweight might be at an increased risk for severe illness if infected with Covid-19, [2] but Defendant offers no evidence that she is diagnosed with or is being treated for hypertension or high blood pressure.  Defendant presents only a single instance in which her blood pressure reading, taken at a doctor's appointment, was abnormally high.  The Court cannot infer the severity of Defendant's overall medical condition from this isolated reading, but notes that courts within this District have denied requests by inmates experiencing similar or more severe medical conditions.  *See, e.g., United States v. Wilson*, No. 13-787-4 (SDW), 2020 WL 7074377, at *2 (D.N.J. Dec. 3, 2020) (denying motion for compassionate release for lack of an extraordinary and compelling reason where twenty-nine-year-old Defendant suffered from and was being treated for hypertension); *United States v. Wax*, No. 14-251, 2020 WL 3468219, at *3 (D.N.J. June 25, 2020) (denying motion for compassionate release for lack

---

[2] The CDC's guidance concerning adults with certain medical conditions is available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec. 21, 2020).

of an extraordinary and compelling reason where fifty-eight-year-old defendant suffered from and was being treated for hypertension and obesity) (compiling cases).

Because Defendant has failed to demonstrate that she has a medical condition rendering her particularly vulnerable to Covid-19 while incarcerated, the Court finds no extraordinary and compelling reason for her immediate release under 18 U.S.C. § 3582(c).  The Court need not proceed to analyze the factors set forth in 18 U.S.C. § 3553(a). The Court will deny the motion.

## III.    CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 22, is **DENIED**.

An appropriate Order follows.


_____
           /s/ William J. Martini
         **WILLIAM J. MARTINI, U.S.D.J.**


**Date:  December 22, 2020**