UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,** | No. 16-cr-312-WJM |
| v. | **OPINION** |
| **MALCO E. URZUA.** | |

**WILLIAM J. MARTINI, U.S.D.J.**

Before this Court is Defendant Malco E. Urzua's ("Defendant") second motion for compassionate release and a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of the Covid-19 pandemic. ECF Nos. 30, 32. The Government opposed the motion, ECF No. 33, and Defendant filed a reply, ECF No. 34. Having carefully considered the parties' submissions, and for the reasons set forth below, Defendant's motion is **DENIED**.

### I. BACKGROUND

Defendant is a twenty-eight-year-old prisoner at FCI Fort Dix ("Fort Dix"), where she is serving a five-year sentence after having pleaded guilty to distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). *See* ECF Nos. 11, 18, 19. Defendant's full-term release date is September 2, 2021. Ex. 9, Def. Br., ECF No. 22; Def. Br. at 2, ECF No. 30. Though she is eligible for home detention on March 5, 2021, the Bureau of Prisons ("BOP") has indicated she will be released to a halfway house on April 1, 2021. Exs. 8, 9, Def. Br., ECF No. 22; Def. Br. at 2, ECF No. 30. Upon completion of her prison sentence, Defendant will serve a seven-year term of supervised release. ECF No. 19.

This Court previously denied Defendant's first motion for compassionate release on December 22, 2020, finding that an isolated high blood-pressure reading and her BMI classifying her as overweight but not obese, were not grounds for the existence of "extraordinary and compelling reasons" under § 3582(c)(1)(A). Op., ECF No. 28.

In the present motion, Defendant again moves for compassionate release, not based on her physical health but based on the deteriorating conditions at Fort Dix related to the spread of Covid-19 and, as rumored, tuberculosis. Defendant argues that Fort Dix has been unable to effectively control the spread of the virus through its facilities. Def. Br. at 2, ECF No. 30. On January 22, 2021, a Fort Dix inmate died from Covid-19 while hospitalized. *Id.*; BOP, Jan. 22, 2021 Press Release, https://www.bop.gov/resources/news/

pdfs/20210125_press_release_ftd.pdf (last accessed Mar. 2, 2021). This is Fort Dix's first Covid-related death, though Defendant believes there is a second, unreported instance where a Fort Dix inmate contracted the virus and then transferred to a halfway house, where he died on January 28, 2021. *See* Def. Supp. Br. at 1-2, ECF No. 32. Fort Dix continues to have a high number of active Covid-19 cases. When Defendant filed her second motion on February 16, 2021, BOP reported 37 confirmed active Covid-19 cases among inmates and 37 confirmed active cases among staff. Def. Br. at 2, ECF No. 30. At the time of this writing, BOP reports 42 confirmed active Covid-19 cases among inmates and 39 confirmed active cases among staff. *See* BOP, Covid-19 Cases, https://www.bop.gov/ coronavirus/ (last accessed Mar. 8, 2021). These numbers will hopefully decline as Fort Dix vaccinates its population against the virus, though only 183 staff members and 161 inmates have been vaccinated thus far. *See* BOP, Covid-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last accessed Mar. 8, 2021).

Defendant also raises concern about rumors among inmates' parents that there are active cases of tuberculosis at Fort Dix. Def. Br. at 2-3, ECF No. 30. Defendant's counsel has made persistent efforts to confirm the veracity of the rumors with BOP and other sources, but BOP has not responded to counsel's requests for information. *Id.*

## II. DISCUSSION

Under the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in her sentence if the defendant shows that (1) she has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Sellers*, No. 10-434 (RMB), 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). Defendant does not satisfy either prong of the analysis in her second motion.

First, Defendant states that she "long ago exhausted her administrative remedies" when she requested compassionate release from the warden at Fort Dix prior to filing her *first* motion. Def. Br. at 3, ECF No. 30. The Government does not contest this assertion, but there is certainly argument to be made that exhaustion in one instance does not continue to apply indefinitely to successive motions for compassionate release, particularly where, as here, a defendant sets forth bases for such relief that differ from her initial administrative request to BOP. Moreover, the Court may not waive exhaustion of remedies—it is a statutory requirement, and it is mandatory. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Epstein*, No. 14-287 (FLW), 2020 WL 1808616, at *3, (D.N.J. Apr. 9, 2020). Under the circumstances, the Court cannot say that Defendant has fully exhausted her administrative remedies prior to filing her second motion.

Second, even if the Court were to deny this motion without prejudice to Defendant's right to renew her arguments upon exhaustion, her arguments that Fort Dix's conditions constitute "extraordinary and compelling reasons" justifying release are futile. The "extraordinary and compelling reasons" inquiry has two components in the context of the Covid-19 pandemic: "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; *and* (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020) (emphasis added). Other than Defendant reiterating that she is overweight, which the Court previously denied as grounds for her release, Defendant's present motion fails to identify or discuss any medical conditions that make her particularly susceptible to suffering a severe or life-threatening case of Covid-19 should she contract the virus. In omitting this critical, personal component of the analysis, she essentially asks the Court to grant her compassionate release based solely on the conditions at Fort Dix. If a correctional institution's conditions alone warranted an inmate's release and reduction of sentence, every federal inmate could raise these claims. § 3582(c)(1)(A) does not contemplate this result. *See* U.S.S.C. Guidelines § 1B1.13, Application Note 1(A) (explaining age, family circumstances, serious physical or medical conditions, or "other reasons" as determined by the Director of BOP may serve as grounds for the existence of "extraordinary and compelling reasons" under § 3582(c)(1)(A)). Accordingly, the Court must deny Defendant's second motion for compassionate release.

### III. CONCLUSION

For the reasons set forth above, Defendant's second motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 30, is **DENIED**.

An appropriate Order accompanies this Opinion.

s/ William J. Martini<br>
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 8, 2021**